UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL JOHNSON,

    Petitioner,

v.

P. THOMPSON,

    Respondent.

No. 2:20-cv-1147-EFB P

ORDER AND FINDINGS AND RECOMMENDATIONS

Michael Johnson ("petitioner"), proceeding without counsel, has filed a motion pursuant to 28 U.S.C. § 2241 which attacks the legality of his sentence. ECF No. 1. For the reasons stated hereafter, the petition must be dismissed.

## Background

Petitioner challenges a conviction obtained against him in 2011 in the federal district court for the middle district of Tennessee. ECF No. 1. He claims that, following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), his sentencing designation as an Armed Career Criminal cannot stand. ECF No. 1 at 8.

As an initial matter, the court must determine whether section 2241 is an appropriate vehicle for the claim petitioner seeks to bring. Challenges to the legality of a federal prisoner's sentence – as the claim at bar clearly is – should typically be brought pursuant to section 2255 and in the sentencing court. *See Hernandez v. Campbell*, 204 F. 3d 861, 864-65 (9th Cir. 2000)

("Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."). Courts have acknowledged, however, that the savings clause in section 2255 permits a prisoner to challenge the legality of his sentence pursuant to section 2241 where the former section is "inadequate or ineffective to test the legality of his detention." *See Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999).

Here, petitioner has[1] not offered any argument that a section 2255 motion is inadequate or ineffective to the task. A review of the documents appended to the petition would indicate, however, that any section 2255 motion filed in the sentencing court would be successive, and petitioner has had no success in convincing the U.S. Court of Appeals for the Sixth Circuit that a successive motion is warranted. *See* ECF No. 1 at 22-25. Nevertheless, the law of this circuit is that the limitation on successive 2255 motions does not authorize challenges to legality to proceed by way of section 2241. *See Moore*, 185 F.3d at 1055 ("We have held that a state habeas petitioner may not avoid the limitations imposed on successive petitions by styling his petition as one pursuant to 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254. We extend the same reasoning to motions filed under 28 U.S.C. § 2255 and hold that the dismissal of a subsequent § 2255 motion pursuant to 28 U.S.C. § 2244(b) does not render federal habeas relief an ineffective or inadequate remedy.") (internal citations omitted). And although petitioner claims that he is "actually innocent" of being an Armed Career Criminal (ECF No. 1 at 9), such a claim is merely a repackaging of his challenge to the legality of his sentence. *See Bousley v. United States*, 523 U.S. 614, 623 (1998) (noting that "'actual innocence' means factual innocence, not mere legal insufficiency.").

Thus, the court concludes that this petition should be dismissed and so recommends.

/////

/////

---

[1] Indeed, he brought a similar challenge pursuant to section 2255 in the Middle District of Tennessee, where it was rejected. ECF No. 1 at 10-19.

<u>Conclusion</u>

Based on the foregoing, it is ORDERED that the Clerk of Court shall randomly assign a United States District Judge to this case.

Further, it is RECOMMENDED that the petition pursuant to 28 U.S.C. § 2241 (ECF No. 1) be DISMISSED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  *See* Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED:  September 22, 2020.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3